BRAWLEY, District Judge.
I dissent. I am of opinion that’ the negotiations and correspondence led up to an agreement as to the amount, terms, and form of the policy; that Otey & Co., the agents of the insurance company, by their telegram of September 3d, agreed to write a policy for $10,000 at 90 cents, if the “specific form,” which had been the subject of voluminous correspondence, was satisfactory. When Moore & Co., in compliance with this telegram, mailed the “specific form,” they were bound in a binding contract, if the form complied with the requirements) which the correspondence had set forth in detail. That Otey & Co. would be equally bound if the “specific form” inclosed met all their demands is equally clear; that is, if it met the assent of their minds in the shape in which it was, requiring no further or other modification,—if it was such a “specific form” as their minds conceived at the time their telegram was sent. That it did so is prove® *345 by the fact that, immediately upon its receipt, they began to write a policy in accordance with it. There can be no doubt that but for the fire the policy would have been delivered. If that is so, then we have here that agreement of minds upon all essential points necessary to consummate a contract, and that agreement was reached before the fire occurred.